IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | : | |
| *Plaintiff*, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| VICTOR YAKUBETS and | : | |
| CAFÉ NOSTALGIE, INC., | : | No. 12-4583 |
| *Defendants*. | : | |

**O R D E R**

**AND NOW**, this 11th day of March, 2014, upon consideration of Joe Hand Promotions, Inc.'s ("Joe Hand") Renewed Motion for Default Judgment (Docket No. 14), **it is HEREBY ORDERED** that the Motion is GRANTED such that:

1. For its violation of 47 U.S.C. § 553(a)(1), **Café Nostalgie is liable to Joe Hand for a total sum of $4880** in statutory and enhanced damages under 47 U.S.C. § 553. This award is comprised of:

   a. an award of $1220 in statutory damages under 47 U.S.C. § 553(c)(3)(A)(ii) ($500 for the foregone sublicense fee and $720 for Café Nostalgie's estimated profits) *and*

   b. an award of $3660 in enhanced damages under 47 U.S.C. § 553(c)(3)(B) (treble the statutory damages award).

2. **Victor Yakubets is jointly and severally liable for $500 of the $4800.** For the remaining $4300, Café Nostalgie is severally liable.

3. **JUDGMENT is thus ENTERED** in favor of Joe Hand and against Café Nostalgie and Victor Yakubets.

4. The Clerk of Court shall **mark this case CLOSED** for all purposes, including statistics.

5. Joe Hand is granted **leave to file a Motion for Attorneys' Fees and Costs by March 28, 2014**. In the Motion, Joe Hand should address both

    a. the reasonableness of Mr. Riley's fees *and*

    b. the legal issue of whether the rule that "a judge [not] decrease a fee award based on factors not raised at all by the adverse party," *Bell v. United Princeton Props., Inc.*, 884 F.2d 713 (3d Cir. 1989), applies to the default judgment context.

BY THE COURT:

 /s/  Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge